UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK E. WHITE,

        Petitioner,

v.                                              Case No. 12-13996
                                                 Honorable Patrick J. Duggan

PAUL KLEE,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO CORRECT CLERICAL ERRORS IN HIS BRIEF AND DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL, FOR DISCOVERY, TO ADMIT SUPPRESSED EVIDENCE, AND FOR ADMISSION OF A FORMAL COMPLAINT**

**I.    Factual and Procedural Background**

Petitioner Mark E. White, a state prisoner confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a *pro se* habeas corpus petition challenging his state convictions for bank robbery, Mich. Comp. Laws § 750.531, false report of a bomb threat, Mich. Comp. Laws § 750.411a(3)(a), carjacking, Mich. Comp. Laws. § 750.529a, and resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d(1). Petitioner is serving a sentence of fourteen to seventy years for the bank robbery, seven to fifteen years for the false report of a bomb threat and for resisting or obstructing a police officer, and thirty-five to

seventy years for the carjacking. The Michigan Court of Appeals affirmed Petitioner's conviction and sentence in an unpublished opinion, *People v. White*, No. 297914 (Mich. Ct. App. June 16, 2011), and on October 24, 2011, the Michigan Supreme Court denied leave to appeal, *People v. White*, 490 Mich. 895, 804 N.W.2d 335 (2011).

Petitioner filed his habeas corpus petition on September 11, 2012. He seeks relief on the following grounds: (1) he was denied his right to represent himself at the preliminary examination; (2) his state court transcripts were altered; (3) the state trial court permitted standby counsel to make all tactical decisions; (4) he was denied his right to present a complete defense; (5) he was denied his right of access to the courts; (6) he was denied his right to call witnesses in his defense; (7) the prosecutor committed misconduct by misleading the trial court, withholding evidence, and vouching for witnesses and evidence; (8) the carjacking statute is void for vagueness, and the prosecutor abused his discretion when filing the charges; (9) the state trial court violated the State's 180-day rule; (10) he was denied due process of law on appeal; and (11) the evidence at trial was insufficient, and his sentence was based on improperly scored guidelines and inaccurate information.

Respondent urges the Court to deny the habeas petition on grounds that

Petitioner's tenth claim is procedurally defaulted, certain other claims are not cognizable on habeas review, and the state appellate court's adjudication of the remaining claims was objectively reasonable.

Petitioner has filed several additional motions since filing his petition for habeas corpus and it is these motions that are the presently before the Court. These additional motions are to correct clerical errors in Petitioner's brief in support of his habeas petition, for appointment of counsel, for discovery, and to admit suppressed evidence and hold an evidentiary hearing. Petitioner has also filed a "Petition for Admission of Formal Complaint Against State Officials."

## II. Discussion

### A. Motion to Correct Clerical Errors

In his Motion to Correct Clerical Errors, Petitioner indicates that he made a clerical error in the brief supporting his habeas petition. He has asked the Court to remove page 22 of his brief, replace it with the corrected page, and allow the table of contents for his brief to reflect an "Added Appendix 1." The Court cannot substitute pages in a document that has already been filed, but the Court will take notice of the corrected pages. To that extent, Petitioner's Motion, (ECF No. 7), is granted.

### B. The Motions for Discovery

### *1.  January 22, 2013 Motion*

In his motion for immediate discovery, filed on January 22, 2013, Petitioner seeks permission to issue interrogatories to his court-appointed trial attorney, a bank teller, the bank manager, the county prosecutor, the detective assigned to his state case, the court reporters, and a deputy sheriff.  Petitioner also seeks recordings of the proceedings held in state district court, photographs taken by the bank surveillance cameras, and video footage taken by cameras at the Saginaw County jail.  Additionally, Petitioner seeks to have an expert examine the videotape of the bank robbery to determine whether the images were falsified. Petitioner claims that discovery is necessary to prove that his attorney was ineffective, that the State withheld exculpatory evidence, and that the State refused to hold proper hearings on the invalid transcripts.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796-97 (1997).  Rule 6 of the Rules Governing Section 2254 Cases provides that a habeas court may authorize a party to conduct discovery upon a showing of good cause. 28 U.S.C. foll. § 2254, Rule 6(a).  Good cause exists where, for example, "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to

demonstrate that he is confined illegally and is therefore entitled to relief[.]" *Harris v. Nelson*, 394 U.S. 286, 300, 89 S. Ct. 1082, 1091 (1969). In such circumstances, "it is the duty of the court to provide the necessary facilities and procedures for adequate inquiry." *Id.*

Petitioner has not persuaded the Court that, if the facts were more fully developed, he would be entitled to habeas relief, because the evidence against him was substantial. At his arrest, the exact amount of money taken from the bank was found in his pocket, and, at trial, a bank teller identified him as the robber. The Michigan Court of Appeals, moreover, determined that Petitioner's convictions for carjacking, false report of a bomb threat, and resisting or obstructing a police officer were supported by sufficient evidence. As such, Petitioner has not demonstrated good cause.

"[F]ederal courts do not sit to re-try state cases de novo but, rather, to review for violation of federal constitutional standards." *Milton v. Wainwright*, 407 U.S. 371, 377, 92 S. Ct. 2174, 2178 (1972). Moreover, habeas corpus review generally "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster,* __ U.S. __, __, 131 S. Ct. 1388, 1398 (2011). These principles preclude Petitioner from injecting information which was not considered by the state courts into the present proceeding.

For the above stated reasons, the Court finds that the discovery Petitioner seeks to conduct is unwarranted. Thus, Petitioner's motion for immediate discovery, (ECF No. 9), is denied.

## 2.  *June 28, 2013 Motion*

Petitioner's second discovery motion, filed on June 28, 2013, challenges the accuracy of state court transcripts in his criminal case. He seeks an audio recording of the proceedings in state court to compare to the transcripts in his case.

Petitioner made a similar request in state court. The state trial court denied Petitioner's request, in part, because the quality of the audio tracks in state circuit court varies and because the recordings can pick up confidential or off-the-record discussions that are difficult and time-consuming to edit. The state trial court opined that, even if the audio track were copied or reproduced in a usable format, the recording would not be a substitute for certified transcripts.

This Court agrees that the audio recordings are not an adequate substitute for certified transcripts, particularly where, as here, Petitioner has failed to satisfy the standard set forth by the Michigan courts for challenging the accuracy of the transcripts. Petitioner merely asserts that the transcripts are incorrect and that he has a right to obtain the audio recordings pursuant to Michigan Court Rule. The Court will not disrupt the Michigan court's ruling with respect to Petitioner's

entitlement to the recordings as federal courts "review for violation of federal constitutional standards." *Milton*, 407 U.S. at 377, 92 S. Ct. at 2178.

In addition to the deficiencies stated above, a letter Petitioner attached to his January 22, 2013 discovery motion frustrates Petitioner's ability to demonstrate the good cause necessary to obtain discovery. 28 U.S.C. foll. § 2254, Rule 6(a). This letter, written in response to Petitioner's complaints regarding alleged errors in the transcripts, indicates that the tapes were reviewed by three individuals - the court reporter and two court employees - for transcript inaccuracies and found that "the pages in question are true and accurate, other than an off the record comment . . . [Petitioner] made to his attorney[,]" which was not transcribed. (July 19, 2010 Letter, ECF No. 9, Pg ID 249.)

Petitioner has not shown the "good cause" necessary to obtain discovery. 28 U.S.C. foll. § 2254, Rule 6(a). The Court therefore denies Petitioner's request to order the Michigan Attorney General to obtain and produce the audio recordings made in state court. As such, Petitioner's motion to compel discovery, (ECF No. 16), is denied.

## C. Motion to Admit Suppressed Evidence and Hold an Evidentiary Hearing

In his motion to admit suppressed evidence, Petitioner appears to allege that the state prosecutor suppressed the serial numbers on the currency that the bank

7

robber took from the bank. Petitioner seeks an evidentiary hearing on the suppressed evidence and to show that he is serving a life sentence for crimes he did not commit.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") govern this case, and the

> AEDPA restricts the availability of federal evidentiary hearings. *See Davis v. Lafler*, 658 F.3d 525, 539 (6th Cir. 2011) (*en banc*) (Martin, J., concurring in part). For a claim that was adjudicated on the merits in a state court proceeding, sections 2254(d)(1) and (d)(2) of AEDPA apply, and the district court is limited to the record that was before the state court at the time. *See* [*Pinholster*, 131 S. Ct. at 1398]; 28 U.S.C. § 2254(d)(2).

*Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir.), *cert. denied*, __ U.S. __, 133 S. Ct. 141 (2012).

In his *pro se* brief on direct appeal, Petitioner raised his claim about the alleged suppression of evidence regarding the serial numbers as part of his claim pertaining to prosecutorial misconduct. Although the Michigan Court of Appeals did not specifically mention the issue about the serial numbers in its dispositive opinion, it did state that Petitioner's arguments about the prosecutor lacked merit. The Court concludes that the state appellate court adjudicated Petitioner's claim on the merits and, as a consequence, this Court is limited to the record that was before the state court. As such, the Court denies Petitioner's motion for an evidentiary

hearing and to admit suppressed evidence (ECF No. 11).

### D. Motion for Appointment of Counsel

Petitioner seeks appointment of counsel on the ground that his "defense in this matter has been frustrated at every turn." (Mot. for Appointment of Counsel 1.) Petitioner explains that he is fifty-four years old and suffers from a serious degenerative disease, and appears to be claiming that he needs counsel to assist him with discovery.

Petitioner has no absolute right to appointment of counsel on collateral review of his conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987) ("[O]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). Having found that neither discovery nor an evidentiary hearing are necessary in the instant case, the Court further concludes that the interests of justice do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B). On the basis of these findings, Petitioner's motion for appointment of counsel, (ECF No. 8), is denied.

### E. Petition for Admission of Formal Complaint

In his petition for admission of a formal complaint against state officials, Petitioner alleges that a licensed psychologist, the prosecutor assigned to his case, and his former attorneys relied on admissions that he made during an interview at

the Michigan Center for Forensic Psychiatry. While Petitioner claims this disclosure violated Michigan law, the Court only addresses Petitioner's federal claim that the disclosure of his admissions violated the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. § 1320d-6.

HIPAA permits disclosure of protected health information during judicial proceedings and for law enforcement purposes under certain conditions. 45 C.F.R. § 164.512(e) and (f). Petitioner provides no information as to whether or not these conditions were satisfied, opting instead to provide only conclusory allegations of a HIPAA violation. Of greater consequence, Petitioner has not cited any authority for the proposition that a HIPAA violation serves as a basis for federal habeas relief. The Court therefore denies Petitioner's request to file a complaint against state officials on the basis of an alleged violation of HIPAA.

Petitioner also alleges that state officials violated 18 U.S.C. § 241, which imposes criminal penalties for conspiring "to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any rights or privilege," and 18 U.S.C. § 242, which imposes criminal penalties for "the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws or the United States." Petitioner asks the Court to refer this matter to the United States Attorney General for possible charges. Upon reviewing

Petitioner's motion, the Court concludes that Petitioner has failed to establish probable cause to believe that state officials violated either statute.

For the reasons stated above, the Court declines to refer this matter to the United States Attorney and denies Petitioner's petition for admission of a formal complaint (ECF No. 10).

### III. Conclusion and Order

Accordingly,

**IT IS ORDERED** that Petitioner's motion to correct clerical errors in his brief, (ECF No. 7), is **GRANTED** to the extent that the Court will take notice of the corrections Petitioner has made to his supporting brief but is **DENIED** in all other respects;

**IT IS FURTHER ORDERED** that Petitioner's motions for discovery, (ECF Nos. 9 and 16), are **DENIED**;

**IT IS FURTHER ORDERED** that the motion to admit suppressed evidence and to hold an evidentiary hearing (ECF No. 11) is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel, (ECF No. 8), is **DENIED**;

**IT IS FURTHER ORDERED** that the petition for admission of formal complaint against state officials for violations of federal and state law, (ECF No.

10), is **DENIED**.

Dated: July 25, 2013

                                             s/PATRICK J. DUGGAN
                                             UNITED STATES DISTRICT JUDGE

Copies to:

**Mark White, #228524**
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, Michigan 49221

**Laura Moody, A.A.G.**
**Bruce H. Edwards, A.A.G.**