UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK E. WHITE,

       Petitioner,                                         Case No. 12-13996

v.                                                         Honorable Patrick J. Duggan

PAUL KLEE,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT DENYING DISCOVERY AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

On September 11, 2012, Petitioner Mark E. White, a state prisoner confined at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner subsequently filed a slew of motions seeking to correct clerical errors, the appointment of counsel, the admission of suppressed evidence, an evidentiary hearing, discovery, and for the admission of a formal complaint against state officials. In an Opinion and Order dated July 25, 2013, this Court denied each motion except for Petitioner's motion seeking to correct clerical errors. (ECF No. 17.) Petitioner's application for writ of habeas corpus is still pending before the Court. On August 29, 2013, Petitioner filed a "Motion for Relief from Judgment Denying Discovery and/or Claim of Timely Appeal and Petition to Grant a Certificate of Good Faith Appeal" pursuant

to Federal Rule of Civil Procedure 60(b).  (ECF No. 18.)  For the reasons stated herein, the Court denies Petitioner's motion and declines to issue a certificate of appealability.

The instant motion, filed pursuant to Rule 60(b)[1], asks this Court to revisit its prior ruling denying Petitioner's motions for discovery and an evidentiary hearing. However, Rule 60(b), which allows a party to seek relief from a *final* judgment or order under a limited set of circumstances including fraud, mistake, and newly discovered evidence, is inapplicable.  The Court's prior rulings on the discovery motions did not terminate the habeas proceedings presently before the Court and is therefore not a final judgment or order subject to Rule 60(b).

Because Petitioner is proceeding *pro se*, the Court has also considered whether this motion should be construed as a motion for reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h). However, given the amount of

---

[1] Rule 60(b) provides:

> On motion and just terms, the court may relief a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

time that lapsed between the issuance of the Court's July 25, 2013 Opinion and Order and the August 29, 2013 filing of the instant motion, construing this motion as one for reconsideration would render Petitioner's motion untimely. *See* E.D. Mich. L.R. 7.1(h)(1) ("A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order.").

Lastly, to the extent Petitioner is asking this Court for a certificate of appealability, the Court notes that the relevant statutory law which governs the issuance of certificates of appealability for purposes of this case, 28 U.S.C. § 2253(c)(1)(A), contemplates a final order or judgment prior to appeal. Moreover, pursuant to 28 U.S.C. § 1291, the court of appeals may exercise jurisdiction only over final orders or certain collateral or interlocutory orders as described in 28 U.S.C. § 1292. A decision "is final for purposes of appeal only when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined." *Parr v. United States*, 351 U.S. 513, 518, 76 S. Ct. 912, 916 (1956) (quotation omitted). Because the decision denying Petitioner's discovery motions did not terminate the habeas corpus proceeding, it is not appealable as a final decision.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Relief from Judgment pursuant to Rule 60(b) is **DENIED**;

3

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

Date:  September 30, 2013

                                              s/PATRICK J. DUGGAN
                                              UNITED STATES DISTRICT JUDGE

Copies to:

**Mark White**, # 228524
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221

**Bruce H. Edwards, A.A.G.**
**Laura Moody, A.A.G.**