UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK E. WHITE,

      Petitioner,                                      Case No. 12-13996

v.                                                  Honorable Patrick J. Duggan

PAUL KLEE,

      Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

On September 11, 2012, Petitioner Mark E. White, a state prisoner committed to the custody of the Michigan Department of Corrections, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Court rejected each of Petitioner's eleven grounds for relief in an Opinion and Order dated September 17, 2014, thereby denying the habeas petition.  The Court also declined to issue a certificate of appealability.  Less than one month later, Petitioner filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit.

On February 3, 2015, as Petitioner's appeal was pending, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).  The Sixth Circuit issued an order on February 26, 2015 denying Petitioner's

request for a certificate of appealability, and confirming that this Court's rejection of Petitioner's habeas claims was not debatable among jurists of reason. For the reasons stated herein, the Court denies Petitioner's motion and declines to issue a certificate of appealability.

Rule 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Petitioner's motion appears to seek relief pursuant to Rule 60(b)(6), as the remaining subsections are inapplicable. Petitioner sets forth four "claims" purporting to evidence the propriety of granting the relief he now seeks. The Court shall address each contention in turn.

First, Petitioner contends that this Court erred in determining that he intended to raise a diminished capacity defense at trial. Rather, Petitioner indicates that he intended to raise the defense codified at Michigan Compiled Laws § 768.37, which sets forth the general rule that ingestion of narcotics or alcohol, or some combination thereof, "is not a defense to any crime[.]" Mich. Comp. Laws § 768.37(1). Subsection two sets forth an exception to that general rule:

> It is an affirmative defense to a specific intent crime, for which the defendant has the burden of proof by a preponderance of the evidence, that he or she voluntarily consumed a legally obtained and properly used medication or other substance and did not know and reasonably should not have known that he or she would become intoxicated or impaired.

*Id.* § 768.37(2).

As an initial matter, federal habeas review of a state court judgment is rather limited. The Court's task in its Opinion and Order rejecting Petitioner's challenges to his state-court conviction was to determine whether the state appellate court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1). Its task was not, therefore, to analyze the defense Petitioner wished to assert at trial.

The Michigan Court of Appeals addressed Petitioner's concern regarding the diminished capacity defense versus the "medical and mental" defense, ultimately holding that Petitioner had failed to demonstrate any error with respect to the trial court's decision to not permit the presentation of either defense. *People v. White*, No. 297914, 2011 WL 2424504, at *6-7 (Mich. Ct. App. June 16, 2011) (per curiam) (unpublished). This decision was in accord with Supreme Court precedent, as there is no evidence that the "exclusion rendered petitioner's trial so fundamentally unfair as to constitute a denial of federal constitutional rights." *Lewis v. Wilkinson*, 307 F.3d 413, 420 (6th Cir. 2002) (quotation omitted).

3

Petitioner's second claim pertains to allegedly inaccurate trial transcripts, a claim this Court rejected in its Opinion and Order declining to grant Petitioner a writ of habeas corpus. The Court rejects this second claim, as Petitioner has not presented new evidence or argument that persuades this Court that it erred in its analysis of the issue.

In his third claim, Petitioner contends that the Court incorrectly applied the facts of his case to the law regarding the suppression of exculpatory evidence. Petitioner makes arguments regarding the allegedly inaccurate trial transcripts, the alleged destruction of an audio recording of the trial proceedings, and the alleged suppression of the serial numbers on the money Petitioner unlawfully removed from the bank. There is no reason to revisit this claim, which both this Court and the Sixth Circuit have rejected given the strength of the evidence adduced at trial in support of the State's case.

In his fourth, and final, claim, Petitioner indicates that he "sent e-mails and made phone calls to three (3) attorneys and two (2) Non-profits prison help groups. All concurred a belief that [the undersigned] is related to Saginaw Prosecutor Patrick O. Duggan[,]" who participated in the criminal proceedings against Petitioner. While the Court recognizes that the similarity in names would naturally cause one to be curious about a potential familial relation, the undersigned is not related to the Saginaw Prosecutor.

In conclusion, none of the four asserted grounds are sufficient to justify relief under Federal Rule of Civil Procedure 60(b)(6).

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Relief from Judgment pursuant to Rule 60(b) is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

Date:  March 20, 2015

                                       s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:

**Mark White**, # 228524
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784

**Bruce H. Edwards, A.A.G.**
**Laura Moody, A.A.G.**